UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN HOLMES,

               Plaintiff,

-against-

THE CITY OF NEW YORK; THE
DEPARTMENT OF HOMELESS
SERVICES; YVONNE BALLOT;
SECURITY DIVIDION FACILITY M.D.C.;
THE PEOPLE OF THE STATE OF NEW
YORK,

               Defendants.

17-CV-3192 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights.

By order dated July 31, 2017, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

### A.    Plaintiff's Allegations

Plaintiff brings this action using the Court's form complaint for employment discrimination claims. Named as defendants are the City of New York, the Department of Homeless Services ("D.H.S."), Yvonne Ballot, the Security Division Facility M.D.C., and the People of the State of New York.

Plaintiff checks boxes on the form complaint identifying himself as a 64-year-old black Catholic male wih an unidentified disability or perceived disability, and indicating that Defendants discriminated against him by failing to accommodate his disability. Plaintiff attaches to the complaint a motion captioned for a prior case, *Benjamin v. City of New York*, No. 13-CV-0754 (LAP) (S.D.N.Y. Aug. 20, 2013), in which he declares that the "case was not review [sic] properly have [sic] copy of the testifying." (ECF No. 2, at 6.) In an attached statement in support of the motion, Plaintiff asserts that on January 28, 2012, he was arrested by D.H.S. Police Officer Cedric Brown and was dragged, handcuffed, and processed. Plaintiff claims that Officer Brown, forgetting that Plaintiff was a "cardial person," went home to sleep and left him handcuffed to a bench all night. (*Id.* at 8.) The next morning, Plaintiff complained about chest pain and Officer Brown and other police officers searched his locker for medication, and then called an ambulance to take him to the hospital. At the hospital, Plaintiff was given medication, underwent testing, and then was discharged. Plaintiff asserts that he "remember[ed] the nuros [sic] telling the police's [sic] office [sic] to not let [him] walk" because of the medications he was taking, but that the police officers pulled him off the hospital bed and directed him to walk. (*Id.*) Plaintiff alleges that the police officers "dragged [him] out of the hospital" and took him in a van to a

police station to book him. (*Id*.) He asserts that he still had chest pain and that dragging made it

worse. Plaintiff claims that after he was booked, he complained about the chest pain and was

taken to another hospital, where he stayed for unidentified length of time.

Plaintiff alleges that he filed a complaint in this Court about the alleged events, and the

complaint was reviewed by then-Chief Judge Loretta A. Preska. He asserts the following:

> To best [sic] of my knowledge the case was not review [sic] properly. The case
> was dismissed on a technicality that the police office's [sic] who I claim [sic] that
> lock me up neither of whom are named as defendants who are employed either by
> the N.Y.C.D.H.S. or the New York City Police Department. I want to know who
> lock me up. I have proof that these police office [sic] lock me up I have the right's
> [sic] to know who lock me up. [T]hese police [sic] sworn examind [sic] excused
> in the Supreme Court of the City of New York County of New York: Part 31 the
> police office [sic] name PH2 P.O. Cedric Brown Shied – 173 [sic] D.H.S. Police
> sworn examined excused and the next police office [sic] is PH3 Detective David
> Santos Shield # 582 D.H.S. Police. [T]his is the two police office's [sic] lock me
> up because a mental person jumping on me in a wheelchair with four cracked ribs.
> I had to stay in jail for 6 month [sic] because I didn't have money to bail out. I did
> have the Time News to interview me on this case. The Time News said that case
> was not review [sic] properly and the case is being investigat [sic]. I am still going
> to contact Washington D.C. about this matter so I can have investigation. I bin
> [sic] violated of my constitutional right's [sic]. I almost died up in this jail.
> Something have to be don [sic] about this situation. My response on this matter. I
> will go to the media for help. I was seeking compensation for 360 million.

(*Id*. at 9-10.) Plaintiff also attaches to the complaint the order of dismissal from his prior case;

documents from criminal proceedings before the New York State Supreme Court, New York

County; and two grievances filed while he was detained at the George R. Vierno Center on

Rikers Island, relating to medical care for his heart condition. The documents from the state-

court criminal proceedings reveal that on January 8, 2013, Plaintiff was indicted on a charge of

assault in the second degree; two days later, a bench trial was conducted at which Police Office

Brown, and Detective David Santos were sworn, examined and excused; and the next day,

January 11, 2013, a verdict of "TFNG" was issued, indicating that Plaintiff was tried and found

not guilty. (*Id*. at 14, 21.)

**B.     Plaintiff's 2013 Action**

In 2013, Plaintiff filed an action in this Court against the City of New York, the State of New York, Volunteers of America, "Wards Island," New York City Department of Correction, "Rikers Island Security Division Facility MDC," and the People of the State of New York. *See Benjamin v. City of New York*, No. 13-CV-0754 (LAP) (ECF No. 2). Plaintiff seemingly claimed that his rights were violated while he was held in facilities on Wards Island and Rikers Island from January 28, 2012, to June 15, 2012. In particular, he asserted claims of inadequate medical care relating to a heart condition. On March 19, 2013, then-Chief Judge Preska construed the complaint as raising claims under 42 U.S.C. § 1983; dismissed Plaintiff's claims against the State of New York, the People of the State of New York, the New York City Department of Correction, Wards Island, and Rikers Island Security Division Facility MDC, and directed Plaintiff to submit an amended complaint alleging facts demonstrating that named defendants were deliberately indifferent to his serious medical needs. *Id*. (ECF No. 5). After Plaintiff filed an amended complaint, Judge Preska held on May 21, 2013, that the amended complaint failed to comply with the Court's March 19, 2013 order, and directed him to submit a second amended complaint. *Id*. (ECF No. 7).

Plaintiff subsequently filed a second amended complaint naming as defendants the City of New York, the Department of Homeless Services, Yvonne Ballot, the Security Division Facility M.D.C., and the People of the State of New York – the same parties named as defendants in this present complaint. *Id*. (ECF No. 8). In the second amended complaint for the first time, Plaintiff alleged that on January 28, 2012, he was unlawfully arrested by D.H.S. Police Officer Cedric Brown and Detective David Santos – neither of whom he named as defendants. He also alleged that during his arrest and thereafter, he was denied medical attention. By order dated August 20, 2013, Judge Preska found that Plaintiff had failed to allege sufficient facts

showing that any individual violated his rights and dismissed the action under Fed. R. Civ. P. 41(b) without prejudice for Plaintiff's failures to comply with the Court's orders. *Id*. (ECF No. 9). Plaintiff appealed the decision to the United States Court of Appeals for the Second Circuit, and on January 9, 2014, the Court of Appeals dismissed the appeal "because it lack[ed] an arguable basis in law or fact." *Holmes v. City of New York*, No. 13-3558 (2d Cir. Jan. 9, 2014).

## DISCUSSION

### A.    Section 1983

It is clear from Plaintiff's submissions that he is not actually bringing an employment discrimination complaint but rather seeking reconsideration of the prior case, *Benjamin v. City of New York*, No. 13-CV-0754 (LAP) (S.D.N.Y. Aug. 20, 2013). Because a dismissal without prejudice generally has neither claim nor issue preclusive effect, *see Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001), Plaintiff is not precluded from bringing his claims anew. As Plaintiff alleges violation of his rights by state actors − similar to his 2013 action − the Court construes the complaint as asserting claims under 42 U.S.C. § 1983. Under § 1983, an individual may bring suit against persons who, acting under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws of the United States." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Statute of Limitations

Plaintiff's § 1983 claims, however, appear to be untimely. The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980). It is clear that

Plaintiff knew or should have been aware of the alleged violations on or about January 28, 2012, when he was arrested;[1] on January 11, 2013, when he was found not guilty of the assault charge; or by at least February 1, 2013, when he filed *Benjamin v. City of New York*, No. 13-CV-0754 (LAP), in this Court. This complaint was received by the Court on May 1, 2017, more than five years and three months after Plaintiff's arrest, and at least four years and three months after the dismissal of the criminal charge and the filing of the 2013 action.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. New York Civil Practice Law & Rules ("CPLR") § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. CPLR § 204(a) (where commencement of an action has been stayed by

---

[1] A false arrest claim under § 1983 accrues when the false arrest ends, i.e., once the arrestee "becomes held pursuant to legal process – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("A cause of action for false arrest accrues at the time of detention.").

court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case. Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *Cortes v. City of New York*, 700 F. Supp. 2d 474, 482 (S.D.N.Y. 2010). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds); *Baker v. Cuomo*, 58 F.3d 814, 818-19 (2d Cir. 1995) (*sua sponte* dismissal is "appropriate if it appears from the face of the complaint that the action is barred ... by the statute of limitations"), *vacated in part on other grounds*, 85 F.3d 919 (2d Cir. 1996)).

Because it is not clear that granting Plaintiff leave to amend would be futile, the Court grants Plaintiff leave to amend his complaint to state facts showing that he is entitled to relief. Should Plaintiff wish to pursue his apparent claims of false arrest and inadequate medical care, he must submit an amended complaint addressing the timeliness issue. Plaintiff must allege facts showing why his claims are timely or why the applicable limitations period should be equitably tolled.

## C.     Deficient Complaint

Plaintiff's complaint also suffers from many of the same deficiencies as his prior pleadings in *Benjamin v. City of New York*, No. 13-CV-0754 (LAP). Plaintiff names the same

five defendants here as he did in the second amended complaint in the earlier case, but again fails to state any viable claims against the parties. Plaintiff's claims against the named defendants are again dismissed for the same reasons stated in *Benjamin v. City of New York*, No. 13-CV-0754 (LAP): (1) his claims against the People of the State of New York are barred because New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting § 1983, *see Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009); (2) the complaint does not contain any facts suggesting that the events underlying this complaint arose from a municipal policy, custom, or practice such that the City of New York must be held liable, *see Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); (3) as agencies or departments of the City of New York, DHS and the Security Division Facility M.D.C are not entities that can be sued, N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); and (4) Plaintiff does not allege any facts about Yvonne Ballot's personal involvement in the alleged violations of his federally protected rights.

### 1.     False Arrest

Plaintiff's allegations could be liberally construed as attempting to assert claims against Police Officer Brown and Detective Santos for January 28, 2012 arrest. "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false

arrest under New York law." *Covington v. City of N.Y.*, 171 F.3d 117, 122 (2d Cir. 1999)

(relying on *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "Under New York state law, to

prevail on a claim of false arrest a plaintiff must show that '(1) the defendant intended to confine

[him], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the

confinement and (4) the confinement was not otherwise privileged.'" *Jocks v. Tavernier*, 316

F.3d 128, 134-35 (2d Cir. 2003) (quoting *Broughton v. State*, 37 N.Y.2d 451, 456 (1975)).

Plaintiff cannot state a claim for false arrest if probable cause to arrest him existed. *Id.* at 135.

The fact that the charges against a plaintiff are eventually dismissed does not, in itself, mean that

probable cause did not exist for the original arrest. *See Warren v. Byrne*, 699 F.2d 95, 98 (2d Cir.

1983).

Plaintiff asserts that he was arrested by Police Officer Brown and Detective Santos and

his attached documents show that he was tried and eventually found not guilty. Plaintiff fails to

describe the circumstances of his arrest or any facts suggesting that he was arrested without

probable cause. In an abundance of caution, the Court grants Plaintiff leave to file an amended

complaint that provides facts supporting a false arrest claim. Plaintiff must provide detailed facts

about his January 28, 2012 arrest and the events that transpired after the arrest.

**2.      Deliberate Indifference to Serious Medical Needs**

As Plaintiff's assertions suggest that his right to adequate medical care was violated after

his arrest, the Court assumes that Plaintiff was a pretrial detainee at the time of the alleged

violations, and therefore, analyzes his claims under the Fourteenth Amendment. To state a

Fourteenth Amendment claim for denial of medical care, a pretrial detainee must allege that: (1)

the denial was "sufficiently serious to constitute an objective deprivation of the right to due

process," *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017); and (2) the defendant either "acted

intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety," *id.* at 35 (relying on *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).

To state a claim that the police or correction officials were deliberately indifferent to his serious medical condition, Plaintiff must allege facts showing that his medical need was a sufficiently serious condition that "'could [have] result[ed] in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Darnell*, 849 F.3d at 30 ("Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'") (citations omitted). An allegation of malpractice or the negligent failure to provide adequate care does not state a constitutional claim. *See Darnell*, 849 F.3d at 36. And "mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703.

Plaintiff alleges the following: after his arrest, he suffered chest pain after being handcuffed to a bench overnight; the police dragged him from the hospital although medical personnel had advised them not to let him walk and the dragging made his chest pain worse; and while he was detained at Rikers Island, he filed grievances concerning his medical care. (ECF No. 2 at 8-10, 28-29.) Even assuming that Plaintiff's alleged medical condition may have been sufficiently serious or "pose[d] an unreasonable risk of serious damage to his health," *Darnell*, 849 F.3d at 30, Plaintiff fails to include any facts suggesting that either the police or correction

officials knew of his medical condition or acted unreasonably in response to learning about it. The Court grants Plaintiff leave to amend his complaint to allege any additional facts that support an inadequate medical care claim.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to allege facts showing that his claims are timely or why the applicable limitations period should be equitably tolled. Plaintiff is also granted leave to detail his false arrest and inadequate medical care claims. Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 17-CV-3192 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 22, 2017
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)


## AMENDED

## COMPLAINT

Do you want a jury trial?
    ☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
　　　　　　　　　(Plaintiff's name)


_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                  Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                  Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                  Zip Code

Defendant 4: _____

First Name           Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City         State        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                  Plaintiff's Signature

_____          _____
First Name          Middle Initial          Last Name

_____
Street Address

_____          _____
County, City                          State                          Zip Code

_____          _____
Telephone Number                          Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.